**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM YAMANJIAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 17-8952-DOC (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records herein, and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the Objections below.

Plaintiff, who is proceeding pro se, contends that "medical finding and explanations" from his treating psychiatrist, Thomas

A. Curtis, M.D., demonstrate "why [he is] still disabled since 2000." (Dkt. No. 34 ("Objections") at 2).[1] In support, Plaintiff attached a December 12, 2018 letter from Dr. Curtis, which summarized Plaintiff's "most recent evaluation . . . on 5/3/17." (Id. at 6). The letter describes symptoms of depression and anxiety, along with "stress-intensified medical symptoms." (Id.). Dr. Curtis diagnosed major depressive disorder, generalized anxiety disorder, and psychological factors affecting medical condition, and opined that Plaintiff is "unable to work." (Id. at 7). Dr. Curtis's letter does not, however, include or reference any treatment notes.[2]

As the Magistrate Judge noted in the Report and Recommendation (R&R at 14 n.10), the Court may remand a matter to the Commissioner if there is new evidence which is "material" to a determination of disability and Plaintiff shows "good cause" for having failed to produce that evidence earlier. 42 U.S.C. § 405(g). To be material, the new evidence must bear "directly and substantially on the matter" at issue, and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing." Mayes v. Massanari, 276 F.3d 453, 462

---

[1] The Court cites to the Objections and its exhibits as if they were consecutively paginated.

[2] Plaintiff previously submitted a letter from Dr. Curtis dated May 3, 2017, which merely stated that Plaintiff "is under our psychiatric care [and] is unable to work." (AR 81). As the Report and Recommendation observed, Dr. Curtis's May 3, 2017 letter did not include any medical findings and the administrative record does not include any relevant treatment notes from Dr. Curtis. (See Report and Recommendation at 10-11).

2

(9th Cir. 2001); see Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984). The "good cause" requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his claim has been denied. To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. Mayes, 276 F.3d at 463.

Here, Plaintiff has failed to demonstrate good cause for why he was unable to submit Dr. Curtis's evaluation timely or include any relevant treatment notes. Further, the new information is not material to the ALJ's determination. While Dr. Curtis's evaluation described symptoms of depression and anxiety, including decreased energy, changes in appetite and weight, diminished self-esteem, lack of motivation, difficulty thinking, insomnia, panic attacks, restlessness, tension and agitation, Dr. Curtis does not opine whether these symptoms cause any specific nonexertional (mental) limitations. (Objections at 6-7). Instead, Dr. Curtis merely opines that Plaintiff is "unable to work" (id. at 7), which, as the Report and Recommendation noted, is an issue reserved solely for the Commissioner. (R&R at 11) (citing 20 C.F.R. § 416.927(e)(1)). Further, Dr. Curtis's evaluation is not materially different from the findings of Dr. Riajinejad, who performed a consultative examination in May 2015. (AR 338-43). Dr. Riajinejad observed an angry affect, depressed mood, and only fair

concentration, attention, insight and judgment. (AR 340. He found that due to Plaintiff's depressive disorder, associated with his medical condition, and borderline to low average range intelligence, Plaintiff has significant difficulty understanding, remembering, and carrying out complex and detailed instructions, would have problems with pace in fast-pasted positions, and has medical conditions that could interfere with his persistence. (AR 342-43). Consistent with Dr. Riahinejad's opinion, the ALJ found that Plaintiff's depressive disorder associated with his medical condition was a severe impairment and limited Plaintiff to simple work instructions, with only occasional interaction with coworkers and supervisors. (AR 15, 17). Thus, Plaintiff has not demonstrated a "reasonable possibility" that the new evidence from Dr. Curtis "would have changed the outcome of the administrative hearing." Mayes, 276 F.3d at 462.

Plaintiff also vaguely argues that the conclusions of Homayoun Saeid, M.D., who conducted an internal medicine evaluation on behalf of the Commissioner, were contradicted by Craig C. Keoshian, Plaintiff's treating chiropractor. (Objections at 2). In May 2015, Dr. Saeid found that while Plaintiff has reduced range of motion of his cervical and lumbar spine, he has normal station and gait. (AR 351). Plaintiff contends that Dr. Keoshian "concluded that [Plaintiff does] not have a normal gait." (Objections at 2). Plaintiff, however, does not cite to the record, and the only contemporaneous record from Dr. Keoshian, dated March 28, 2016, indicates that Plaintiff "continues to suffer from symptoms of his original injury of cervical/thoracic/lumbar axial compression

syndrome."³ (AR 462). Thus, Dr. Keoshian's evaluation is not materially different from Dr. Saeid's.

**IT IS ORDERED** that Judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 23, 2019

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

---

³ The record also includes a summary of Dr. Keoshian's evaluations during 2003-2005. (AR 136-38). These records are too remote in time to be relevant to whether Plaintiff ceased to be disabled in 2015. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (ALJ properly rejected the opinion of a psychiatrist who had treated the claimant several years before the relevant period and had not examined him in several years); accord Lester v. Chater, 81 F.3d 821, 832 n.10 (9th Cir. 1995), as amended (Apr. 9, 1996).